## DAVIS *v.* CHARLES.

A., being indebted, gave a single bill with warrant of attorney to confess judgment to B. and C., payable one day after date, on which judgment was not entered up until the third day after its date. A., the day after giving the said single bill, &c., entered into amicable actions, and confessed a judgment to D. and E., and also one to the said D. and E., and F. and G., to secure them, the said D. and E., and D., E., F., G., as stated in the record of the amicable actions and confessions of judgment, for liabilities incurred as bail for him, the said A. The actual amount of the said liabilities, not being immediately ascertainable, the said judgments were each confessed for a greater sum than the amount thereof. Executions were immediately issued on the said judgments,

under which the personal property of the defendant, the only species of property owned by him, was sold. The plaintiffs, having ascertained the 'amount of their liabilities, and filed the same of record, claimed and received no more out of the proceeds of sale, than the amount to which it appeared they were justly entitled. The said judgments, it also appeared, were given in redemption of a promise by the defendant to the plaintiffs, when they became responsible for him, to give them the first judgments: *Held*, in an issue directed by the court, to try whether the said judgments and executions were fraudulent, and given to delay, hinder, and defraud the plaintiffs of their just debt against Isaac Heiney, the defendant therein; that, as a debtor may prefer one creditor to another, by giving judgments for honest purposes, and as the plaintiffs in the said judgments neither claimed nor received more out of the proceeds of sale by the sheriff, than the amount to which it appeared they were justly entitled, that the confessions of the said judgments, and the issuing of executions thereon, for greater sums than the amount actually due and owing by the defendant to the plaintiffs, were not fraudulent *per se*, nor given to hinder, delay, or defraud the plaintiffs in the issue, nor subsequent creditors, of their just debts.

IN error from the Common Pleas of Lancaster county: Judge HAYS presiding *specially.*

*May* 15. This was an issue directed by the court, in which Isaac Davis and George W. Hamersly were plaintiffs, and John Charles, sen., and John Charles, jun., defendants, to try whether two judgments and executions of the said defendants and others against one Isaac Heiney, were fraudulent, and given to delay, hinder, and defraud the said plaintiffs of their debt against the said Isaac Heiney.

The declaration contained two counts: the *first* averred that the judgments were fraudulent, &c.; and the *second* averred that the executions were fraudulent, &c. Issue was joined on each count.

It appeared that Isaac Heiney, being indebted to Isaac Davis and George W. Hamersly, the plaintiffs in the issue, in the sum of $1,330, gave them a single bill for that sum, dated the 9th of January, 1846, and payable one day after date, with warrant of attorney to confess judgment. Judgment on the bill was entered in the Common Pleas of Lancaster county, on the 12th day of January, 1846, to November term, 1845, No. 176; and on the same day, a writ of *fieri facias* was issued thereon, to January term, 1846, No. 53. On the 10th of January, 1846, the day after Isaac Heiney had given the judgment note to Davis and Hamersly, he informed John Charles, sen., and John Charles, jun., that he had given the said judgment note to Davis and Hamersly, and requested them to meet him in Lancaster on that day. They accordingly met him in Lancaster, when he the said Isaac Heiney entered into two agreements with them, for amicable actions with judgments, in the one case, for the sum of $3,000, with a release

of errors and without stay of execution, "*to secure the plaintiffs as bail for the defendant in the Savings Institution and Farmers' Bank, to McManus and certain persons in Philadelphia and elsewhere, and to enable the plaintiffs to raise money to pay the same;*" in the other case, for $1,000, without stay of execution, "*to secure and enable the plaintiffs (John Charles, sen., John Charles, jun., Alexander Cassidy, and Christian Shenk) to pay certain debts for which the said plaintiffs were jointly and separately bail for the defendant, to the Lancaster County Bank, to the Savings Institution, and to other persons.*"

Those judgments were entered on the said 10th day of January, 1846, and executions immediately issued thereon, and put into the hands of the sheriff, who noted the time of their reception as being ten o'clock and five minutes in the morning.

Davis and Hamersly's judgment was entered on the 12th of January, and execution was issued upon it, and delivered to the sheriff on the same day.

Isaac Heiney had no real estate. His only property was personal; and this was all levied upon by virtue of the first executions, and sold, producing the sum of $1,799.30.

. The reasons for giving the two judgments were stated on the record of the agreement for amicable actions, with judgments.

It appeared that Isaac Heiney had promised, when the plaintiffs in the said two judgments became responsible for him in the various notes and single bills which were produced in evidence, that he would give them the first judgment; and that the arrangement, in giving and taking the judgments on the 10th of January, was but the performance of that promise; that the amounts for which the judgments were entered in pursuance of the agreements, were set down in the sums mentioned because they were uncertain as to the amount of the liabilities with respect to which the judgments were intended, by the terms of the agreement, to secure them.

Isaac Heiney (who was called and examined as a witness) stated that he told the Charles's and Cassidy and Shenk, when' they endorsed for him, that he would give them judgments to secure them—the first judgment—and that he gave these two judgments to carry out that engagement, and to redeem his promise; that when he gave the judgments to them, it was not known what the debts all amounted to, and it was on that account that the judgments were given in the amounts expressed; the one for $3,000, and the other for $1,000. He further stated, under objection by the plaintiffs, that he owed to John Charles for money lent and

advanced, and to Dr. Cassidy, for a bill or account, considerable sums, at the time he gave these judgments, which debts were not secured by them, as they were given to secure the parties only for the debts incurred by them as his sureties.

This was plaintiffs' *first bill of exception.*

On the 27th day of January, 1847, a paper was filed which set forth the liabilities of John Charles, sen., John Charles, jun., Alexander Cassidy, and Christian Shenk, for Isaac Heiney, covered by the said two judgments, and by which it appeared, that the whole amount, principal and interest, to that date, on all their liabilities, was $1,799, being twenty dollars less than the nett proceeds arising from the sale of the property of Isaac Heiney.

The *second bill of exception* of the plaintiffs was to the rejection of evidence offered by them to show that Hamersly, one of the plaintiffs in the issue, went to the office on the 11th day of January, to enter judgment on the single bill and warrant given to Isaac Davis and himself by Isaac Heiney; and when he discovered that the two judgments aforesaid were entered of record, he withdrew without entering it, and did not enter it until the day after.

The plaintiffs requested the court to charge the jury on the following points, and to file their charge thereon of record:—

1st. The interest of parties is to be judged from their acts: every act unwarranted by law, to the prejudice of another, is fraudulent in law; and every illegal transaction which has a direct tendency to delay, hinder, or defraud creditors in the collection of their just debts, is void against such creditors, the fraudulent intent of the parties being conclusively established as an inference of law from such tendency.

2d. It is illegal for a judgment creditor to issue an execution against his debtor for more than is due to him, or to take a judgment by confession and issue execution for an indefinite amount, without ascertaining or taking any steps to ascertain the amount due, and if the effect of such execution is to delay, hinder, or defraud other creditors, it is void against such creditors.

3d. Although a surety may issue execution on an absolute judgment taken to indemnify him against a debt not yet paid by him, yet he must take care, before issuing such execution, to ascertain the amount of the liabilities for which such judgment was taken, and if, while another creditor is about proceeding to take out execution, the surety, in view thereof, and without taking any steps to ascertain the amount due, takes from the debtor a confession of judgment and issues an execution, for a sum which proves to be

H

more than double the amount due, such execution is fraudulent in law, and invalid against the subsequent execution of the creditor so proceeding.

4th. The endorsement upon an execution of the real debt due is, in the absence of other instructions from the plaintiff, a mandate to the sheriff to levy the amount so endorsed of the property of the defendant, and if such amount is more than is actually due, it is fraudulent and void against a creditor issuing a subsequent execution, if done either intentionally or by collusion with the debtor without any endeavour to ascertain the amount due, and the fact that the property levied on did not realize more than sufficient to pay the real debt due, will not avail to give it validity.

5th. In the principles of law contained in the foregoing points, applied to all the evidence in this case, the execution issued on the 10th of January, 1846, by the defendants against Isaac Heiney, was void and inoperative to prevent the action of the execution issued against him by the plaintiffs on the 12th of the same month, and the verdict must therefore be for the plaintiffs.

*Answers of the court to the above points.*—1. The intent of parties is to be judged by their acts—*i. e.* all their acts in the transaction drawn into controversy. Every act unwarranted by law to the prejudice of another, is fraudulent in law. And every illegal transaction, which has a direct tendency to delay, hinder, or defraud creditors in the collection of their just debts, is void against such creditors—if devised to the end, purpose, and intent to delay, hinder, or defraud them of their just and lawful actions, suits, debts, &c. The fraudulent intent is to be judged of from all the facts proved in the case.

2. It is illegal to take such a judgment, or issue such an execution, with the intent to delay, hinder, or defraud other creditors; and a judgment or execution with such intent, is void against creditors.

3. We regard the two agreements and judgments given to Charles and others, not as fraudulent, in law,—a fraud in law being such as is not susceptible of any explanation by facts; but we regard them as evidence to be considered in connexion with all the circumstances in evidence, from which the issue is to be determined; *i. e.* whether or no the judgments were had and made of fraud, to the end, purpose, and intent to delay, hinder, and defraud the plaintiffs of their just and lawful debts against Isaac Heiney.

4. Answered in the affirmative, if done with the purpose and intent to delay, hinder, and defraud the plaintiffs of their just debt.

5. The fact of the "purpose and intent" with which the judgments were entered and the executions were issued, to be gathered from all and every part of the evidence, is for the jury to determine. There is nothing in the case to make it imperative or proper for the court to instruct you that the agreements, judgments, and executions of the 10th of January, 1846, were a fraud in law. If you believe they were had and made to the end, purpose, and intent, to delay, hinder, and defraud Davis & Hamersly and other creditors of their just debts, then they are fraudulent and void, and your verdict ought to be for Davis & Hamersly, the plaintiffs; if otherwise you believe they were not intended for such purpose, your verdict ought to be for John Charles, sen., and John Charles, jun., the defendants.

The plaintiffs excepted to the charge. The jury returned a verdict for the defendants, whereupon the plaintiffs sued out this writ of error.

Assignment of errors: 1. The court erred in admitting the evidence contained in the first bill of exceptions.

2. The court erred in rejecting the evidence contained in the second bill of exceptions.

3. There is error in each and every of the answers of the court to the several points propounded to them on the part of the plaintiffs.

4. There is error in the general charge throughout in referring matters of law to the jury, and leaving to them the decision of matters involving fraud in point of law, on which the court were bound to instruct them.

*Franklin* and *Frazer*, for plaintiffs in error, cited 2 Watts, 302; 4 Bacon, Bouvier's, 404, 382, 385; 5 Barr, 320; 1 Rawle, 349; 2 Pa. R. 82; 12 S. & R. 198; 7 Watts, 434, 484; 5 Rawle, 286; 3 W. & S. 285; 5 Barr, 478; Rob. Dig. 301, 302; 3 Pa. R. 83; 1 Barr, 286; 4 Wend. R. 100.

*Stevens*, contrà, cited 3 Penn. R. 83 and 374; 4 Wend. R. 100; 5 Barr, 478.

*May* 24. BURNSIDE, J.—There was nothing concealed in the amicable confession of judgments. They expressed on their face the consideration and their object. One was to secure the plaintiff in a judgment as bail of the defendant in the Savings Institution and Farmers' and Mechanics' Bank, and to McManus and certain

Philadelphia creditors and elsewhere. The other was to secure and enable the plaintiffs to pay certain debts for which they were jointly and separately bound for the defendant to the Lancaster Bank and Savings Institution and to other persons. Private debts of one of the plaintiffs in the confession of judgments, which then existed, were not included. As the amount of the liabilities expressed could not be immediately ascertained, each amicable confession was given for a specific sum; but this did no injury to any one. The levy and amount of sale but little exceeded the actual liabilities the confession of judgments were given to secure. If there was an excess, it was not claimed, but went to subsequent executions. There was evidence, that when the defendants went bail for Heiney, who had no real estate, he promised to give them the first judgment, and these judgments were only given to cover their liabilities.

The plaintiffs in error, who were plaintiffs below, insist that this was an illegal and fraudulent transaction, and had a direct tendency to hinder, delay, and defraud them, because these confessions of judgments and the executions postponed the executions on their judgment, which was given prior with a stay for one day. There is no allegation of actual fraud, but it is said to be fraud *per se*, to give a friend confession of judgment that will cut out the first judgment, and especially in issuing execution for more than the actual liability, and before the liabilities were ascertained; and that it was error in the court to leave the question of fraudulent intention to the jury, to be judged of by the facts proved in the case. It has never been deemed a fraud in Pennsylvania, or elsewhere, that I know of, for a debtor honestly to prefer one creditor to another, by giving a judgment; and certainly a judgment may be legally confessed to secure bail. I agree that all deceit, deceptions, tricks, or artifices, by which the rights or interests of another are injured, are fraudulent.

Fraud is never presumed—it is to be proved; and whenever it appears it is deemed odious in the eye of the law, Co. Lit. 36. Covin is the same as fraud. Lord Coke defines covin to be a silent assent, determined in the hearts of two or more to the defrauding and prejudice of another. Co. Litt. 357.

If the plaintiffs in the executions had claimed more money than the amount they were actually bound for, it would have been actual fraud.

We think the court was right in refusing to instruct the jury that the confession of judgment in the case under this evidence was

*per se* fraudulent; and that the cause was fairly put to the jury by the learned judge. The transaction was open.

Judgment affirmed.