EASTERN DISTRICT, PHILADELPHIA, 1852.

3g 151<br>183　468

## Young *versus* Snyder.

Where two execution creditors have the same defendant and agree that one shall bid off certain of the property, and the other certain other of the property at the sheriff's sale, and then sell it out at private sale, for the benefit, first, of the purchaser, and the residue of the proceeds to go to the other creditor—the mutual promises are a sufficient consideration to support the contract, and it is not fraudulent as to creditors.

ERROR to the Court of Common Pleas of *Northampton County.*
Action on the case on promises.

On the 22d day of December, 1845, Jacob Spreagle, of Monroe County, with his wife, executed a deed of assignment for the benefit of his creditors to Sydenham Walton and Peter Snyder, the defendant in error, of three tracts of land in Hamilton Township, Monroe County, one containing 89 acres, one 111 acres and 56 perches, and the third containing 113 acres. This land, at the time, was subject to the lien of certain judgments in favor of the said Peter Snyder, and to the lien of certain judgments and a mortgage in favor of defendant below, John Young; and other judgments in favor of various parties. The assignees offered the land for sale, but owing to the incumbrances it was not bid up to near its full value, and consequently was not sold. An arrangement was then made between the plaintiff and defendant Young, that he should proceed on one of his judgments and sell the property at sheriff's sale, by which sale a perfect title could be made to the property; and if the property did not bring sufficient at such sale to pay both their claims and the prior liens, that

they would purchase the real estate themselves and sell it again on time, and in that way, if possible, realize sufficient from it to pay their debts; and if there was any overplus it was to go for the benefit of Spreagle. In pursuance of this understanding a *fi. fa.* was issued to July Term, 1846, the real estate levied upon and condemned, and a *vend. ex.* issued to December Term of the same year, at which the property was sold. Previous to the sale a specific arrangement was made between Young and Snyder, that Young should buy Nos. 1 and 2, and that Snyder should buy No. 3, and that they should sell the tracts at private sale. Young was to be first paid, then Snyder, and the balance to Spreagle. Young bid off No. 1 at $1,200, and No. 2 at $720; No. 3 was sold to Snyder at $340. Young sold his two pieces to Karkuff for $4,000, and Snyder sold his part for $1,000. Young converted the whole $4,000 to his own use. The amount to which he was entitled under the agreement being only $2,000, and Snyder was entitled to a like amount.

Young defended the suit on the ground that the contract was against the policy of the law, not founded on any consideration, and in fraud of creditors, and therefore void.

ELDRED, J., holding a special court, instructed the jury that "there was a sufficient consideration to support it under the circumstances in which these parties were placed; nor can we see anything in the policy of the law to avoid it."

Verdict for plaintiff.

To this instruction defendant excepted, and assigned the same for error.

Twenty-two errors were assigned, but the reporter is of the opinion that the only material question in the case arises on the foregoing statement of facts.

*H. D. Maxwell* and *A. E. Brown,* for plaintiff in error, referred to *Park* v. *Dunkle,* 3 W. & S. 291; Gordon's U. S. Digest, 208, § 695; *Meyer* v. *Barker,* 6 Bin. 234; *Rhodes* v. *Siebert,* 2 Barr, 18; *Cole* v. *Hutton,* 1 S. & R. 398; Dunlop's Dig. 528; *Biery* v. *Haines,* 5 Whar. 563; *Mills* v. *Brown,* 1 R. 391; *Willings* v. *Consequa,* P. C. C. R. 306; *Joy* v. *Wertz,* 2 W. C. C. R. 266; *Wilkinson* v. *Turnpike Co.,* 6 Barr, 398; *King* v. *Cloud,* 7 Barr, 467; *Paul* v. *Mackey,* 5 Watts, 110; *Leech* v. *Hill,* 4 Watts, 428; *Rogers* v. *Rogers,* 1 Hopkin's N. Y. Ch. 528; *Beeson* v. *Beeson,* 9 Barr, 281; *Fisk* v. *Sarber,* 6 W. & S. 18; *Lisenring* v. *Black,* 5 Watts, 303; *Rankin* v. *Porter,* 7 Watts, 389; *Sewell* v. *Jones,* 1 W. & S. 137; *Sueger* v. *Wilson,* 4 W. & S. 501; 1 Story's Eq. 293; *Thomas* v. *Brady,* 10 Barr, 190; *Docher* v. *Somes,* 2 Miln & Keene, 664; *Sidle* v. *Walters,* 5 W. 389; *Filston's Trustee* v. *Himes,* 5 Barr, 452; 4 Dall. 298; 4 S. & R. 159; 4 W. C. C. R. 299; *Columbia Br. Co.* v. *Kline,* 5 P. L. J. 311.

*M. Goepp* and *A. H. Reeder*, for defendant in error, referred to 2 Bl. Com. 444; *Hind* v. *Holdship*, 2 W. 104; *Small* v. *Jones*, 1 W. & S. 137; *Painter* v. *Henderson*, 7 Barr, 50; *Morris* v. *Wallace*, 3 Barr, 319; *Pocock* v. *Reddington*, 5 Ves. Jr. 799; *Provost* v. *Gratz*, P. C. C. R. 373; *Hays* v. *Heidelberg*, 9 Barr, 210; *Pettibone* v. *Derringer*, 3 W. C. C. R. 219; *Vincent* v. *Huff*, 8 S. & R. 381; *Voris* v. *Smith*, 13 S. & R. 334; *Parks* v. *Dunkle*, 3 W. & S. 291; *Mix* v. *Smith*, 7 Barr, 75; *Smith* v. *Rutherford*, 2 S. & R. 358; *Miller* v. *Henry*, 3 P. R. 374; *Kinsey* v. *Shenberger*, 7 W. 193; Selwyn's N. P. 326.

The opinion of the court was delivered June 16th, 1857, by

KNOX, J.—The principal question presented by this record is this: Is the contract upon which the action is based, the existence of which has been found by the jury, a sound one? It is alleged by the plaintiff in error that the agreement cannot be enforced,

*First*, because it was without consideration.

*Second*, because it was fraudulent, and therefore void.

The consideration of the contract is to be found in the mutual promises made by the contracting parties. Peter Snyder agreed that the profits to be made upon the resale of the estate purchased by him should, after the payment of his own claims against Spreagle go to John Young for the payment of his debts against Spreagle, and John Young agreed that the profits to be cleared from his purchase and sale should be used for a like purpose. It is very clear that the consideration was sufficient if the contract was not tainted with fraud, and in our opinion it was not. Both Young and Snyder were creditors of Spreagle to a very considerable extent. Snyder was also liable as surety to other creditors of Spreagle, and notwithstanding his relation to the other creditors he had an undoubted right to protect himself, provided it was not at the expense of those for whom he was trustee. All the efforts made to sell the estate at private sale appear to have been unavailing, and as the public sale was not under the control of Snyder, but was made in virtue of an execution issued upon a judgment obtained against Spreagle before his assignment, according to the principle ruled in *Fisk* v. *Sarber*, 6 W & S. 18, it was competent for Snyder to purchase on his own account, and more particularly is this so, as he was a judgment creditor of the defendant in the execution. As Snyder then had the right to bid for himself at the sheriff's sale, we can see no good reason for refusing to him the right to enter into an agreement with another judgment creditor that their purchase should be on joint account, and that each should participate in the profits

of a re-sale, so far as was necessary to pay their debts against Spreagle. The object of this agreement was not to deter bidders, but to prevent a sacrifice of the property at the expense of the judgment creditors, chiefly Snyder and Young. The sale appears to have been fairly conducted, and there is nothing to show that any person was in the least influenced in consequence of this agreement. It is said that the stipulation between Young and Snyder, that after the payment of their respective claims, the remainder of the money to be derived from a re-sale should go to Spreagle, was a fraud upon Spreagle's creditors, and that in consequence of this, no part of the agreement could be enforced. It is, perhaps, unnecessary to determine in this case what the rights of Spreagle's creditors will be to participate the fund remaining after Snyder and Young are fully paid, as it is pretty evident that there will be nothing left. At all events, Young has no interest in the question, for he is fully protected, let the result be as it may as to the general creditors. Were it necessary to pass upon this branch of the case, there would probably be little if any difficulty in showing that the agreement in favor of Spreagle was in no wise detrimental to the rights of creditors; but we desire to be understood as deciding only that the agreement was good between the parties to it—Young and Snyder.

There was no error in the instruction given by the Court of Common Pleas to the jury that the action was maintainable for the bonds appropriated by the defendant to his own use, before the commencement of the suit, although not actually paid until after the action had been instituted.

The errors assigned upon the admission and rejection of evidence are numerous. Such of them as relate to evidence offered and received to show the extent of the indebtedness from Spreagle to Snyder are immaterial, as the court below very properly withdrew this question from the jury. Included in this class are the 4th, 5th, 6th, 7th, 8th, 9th, 12th, 13th, and 14th. The 1st, 2d, and 3d relate to the admission of the depositions of Thomas Lomason, Luman Cook and to the admission of an exemplification of a deed from New Jersey. These assignments were not pressed on the argument, and could not have been sustained if they had been. The first objection to Lomason's deposition was that he had been present at the trial the evening before the deposition was offered, and had disclosed to plaintiff's counsel that he would not stay, and that no effort had been made to detain him by subpœna or attachment. This was matter of fact for the Common Pleas, and as the objection was not sustained, we have no means of knowing whether the fact was found as stated or otherwise. Notice was

[Nagle *v.* Nagle.]

given to the defendant to produce a deed given to him by Lomason. He did not produce it, and an exemplified copy from the proper record in New Jersey was given in evidence. The reference to the exemplification by Lomason and Cook, and by the former to the delivery of the deed and the manner of payment, did no violence to the rules of evidence. The 10th error is assigned upon the admission of Sydenham Walton as a witness. It was objected that he was one of of the trustees of Spreagle, and also that he was a creditor of Spreagle. Before the witness was examined, he released to Jacob Spreagle all claims and demands against him, and to Peter Snyder all his interest if any in the subject matter of the suit. It is very doubtful whether without the releases there was any valid objection to the admissibility of the witness, but be this as it may, after he had executed and delivered them he was clearly competent, for by no possibility could he be affected by a favorable or unfavorable result. Whether John Young guaranteed the bonds of Teel, which he assigned to Lomason, or not, was of no consequence, as they were appropriated by him before the suit was commenced, and actually paid before the trial. This disposes of the 11th assignment.

The 15th, 16th, 17th, 19th and 20th assignments have already been noticed in substance though not in detail. Neither of these assignments requires anything further to be said.

The 18th and 19th are not assigned in accordance with the rules of this court, and will not, therefore, be referred to, except for the purpose of saying that they do not appear to be sustained.

In the defendant's 11th point he asked the court to say to the jury "that in any event the plaintiff cannot recover in this suit, it not being the proper form of action or mode of recovery under the evidence as given." This instruction was refused, and upon the refusal the 22d error is assigned. We see no objection to the form of the action, and the evidence was properly left to the jury. There is but one other assignment of error, and that is too general to be noticed.

We have examined this case carefully and minutely, and the result is that we see no error in the record.

Judgment affirmed.