A. R. Braden v. W. W. O'Neil, Jr., F. M. Arnold, C. Leeper, S. Win Wilson, Ed. M. Wilson, Mrs. R. K. Pollard, Robert Gilmore and The First National Bank of Clarion, the Appellant.

*Debtor and creditor—Confession of judgment—Contingent liability—Promissory note—Fraud.*

A debtor may secure his creditor against a contingent liability by a confession of judgment.

An indorser of a promissory note is contingently liable to the holder of the note, and he may secure the holder by a confession of judgment.

A confession of judgment by a debtor to a creditor to secure a contingent liability is not a fraud in law, and whether it is a fraud in fact or not, depends on the surrounding circumstances.

*Sheriff's sale—Agreement by creditors as to bidding—Fraud.*

An agreement among creditors to buy in their debtor's property at a sheriff's sale, to manufacture and sell the same and divide the proceeds, is not illegal. if the agreement does not involve the prevention of competition at the sale, or the depression of the price.

Argued Oct. 13, 1897. Appeal, No. 58, Oct. T., 1897, by First National Bank of Clarion, from judgment of C. P. Clarion Co., on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill of discovery in aid of execution sur judgment of A. R. Braden v. W. W. O'Neil, Jr.

No formal issue appears to have been made up in the case, but the parties proceeded to trial as if there had been an allegation upon the one side and a denial on the other that the defendants had, by means of fraudulently confessed judgments and executions issued thereon, obtained possession of the property of O'Neil, with intent to hinder, delay and defraud the plaintiff.

The facts appear by the opinion of the Supreme Court.

Defendants' points and answers thereto among others were as follows :

1. Under all the evidence in this case the plaintiff is not entitled to recover. *Answer :* Refused. [1]

2. A judgment confessed by an insolvent man to secure a bona fide creditor, whether contingent or otherwise, even though it is intended to give, and has the effect of giving, him a preference over other creditors, is not fraudulent either in law or in fact. *Answer :* Refused. [2]

3. The agreement of May 6, 1893, of the execution creditors of W. W. O'Neil, Jr., for the purchase of his property at the sheriff's sale and distribution of the proceeds, is not evidence of fraud. *Answer:* Refused. [3]

The court charged in part as follows :

[Under our instructions, gentlemen, your verdict will be for the plaintiff; you will find that the First National Bank of Clarion and Rachel K. Pollard, each has in its and her hands money of W. W. O'Neil, Jr., now due and payable to an amount in excess of the whole amount of plaintiff's judgment, debt, interest and costs ; being, debt and interest $2,407.30, and costs $9.65, making in all, $2,416.95; and you find for the plaintiff against each of said defendants in the sum of $2,416.95.] [4]

Verdict and judgment for plaintiff for $2,416.95. The First National Bank of Clarion appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*C. Heydrick* and *W. A. Hindman*, with them *W. H. Hockman*, *Harry R. Wilson* and *C. Z. Gordon*, for appellant.—There was no fraud in the transaction: Neal v. Clark, 95 U. S. 704; Moss v. Riddle, 5 Cranch, 351; Milne, Browne & Co. v. Henry, 40 Pa. 352; Gregg v. Sayre, 8 Peters, 252.

The confession of judgment by O'Neil in favor of the appellant was not a constructive fraud: Blakey's App., 7 Pa. 449; Summers' App., 16 Pa. 169; Act of May 4, 1852, P. L. 584; Worman v. Wolfersberger, 19 Pa. 59; Uhler v. Maulfair, 23 Pa. 481; County Bank v. Carter, 38 Pa. 446; Miners' Nat. Bank's App., 57 Pa. 193; Wilson v. Berg, 88 Pa. 167; Walker v. Marine Nat. Bank, 98 Pa. 574; Lake Shore Banking Co. v. Fuller, 110 Pa. 156; Davis v. Charles, 8 Pa. 82; Wingerd v. Fallon, 94 Pa. 184; Byers v. Franklin Coal Co., 106 Mass. 131.

The sale of O'Neil's personal property was not rendered fraudulent by the agreement between the execution creditors in respect to the purchase thereof at the sheriff's sale and distribution of the proceeds: Huber v. Crosland, 140 Pa. 575.

*Geo. F. Whitmer* and *G. A. Jenks*, with them *B. J. Reid* and *F. J. Maffett*, for appellee.—A judgment confessed voluntarily by an insolvent or indebted man for more than is due is prima facie fraudulent within the statute of 13 Eliz. c. 5: Clark v. Douglass, 62 Pa. 408, 415; Lewis v. Rogers, 16 Pa. 22; Lynch v. English, 4 Del. Co. R. 481; Appeal of Erie City, 91 Pa. 402; People v. Arguello, 37 Cal. 525; Oyster v. Short, 177 Pa. 601; Brough's Est., 71 Pa. 460; Dodson v. Taylor, 21 Atl. Rep. 293; Severs v. Dodson, 34 Atl. Rep. 7; Byers v. Franklin Coal Co., 106 Mass. 131; Hancock v. Entwisle, 3 Term Rep. 435; Staines v. Planck, 8 Term Rep. 386; Frost v. Carter, 1 Johns. Cas. 75; Ditchburn v. Jermyn, 13 Pa. 3.

The transaction created a secret trust on the part of the bank in favor of O'Neil to the extent of $6,756.77 of indorsed notes of third parties, which were included in the judgment.

A transfer of personal property which creates a trust, whether secret or avowed, in favor of the grantor, renders the transaction fraudulent and void in legal contemplation, even though there may be mingled with it provisions in favor of preferred credit-

ors: Shaffer v. Watkins, 7 W. & S. 219; McClurg v. Lecky, 3 P. & W. 91; Passmore v. Eldridge, 12 S. & R. 198; Kirker v. Johnson, 13 W. N. C. 385; Lukins v. Aird, 6 Wallace, 78; Twyne's Case, 1 Smith's Leading Cases, 1; Sexton v. Wheaton, 1 Am. L. C. 18; Towle v. Hoit, 14 N. H. 61; Smith v. Lowell, 6 N. H. 67; Hart v. McFarland, 13 Pa. 182; Connelly v. Walker, 45 Pa. 449; Lynch v. English, 4 Del. Co. R. 481; Heath v. Page, 63 Pa. 108.

The whole transaction to which the bank was a party gave an exaggerated appearance of insolvency to O'Neil, the direct tendency of which was to hinder, delay and defraud his other creditors who had no judgment, and who were not parties to the agreement of May 6, 1893: M. & M. Bank v. Bank, 7 W. & S. 340; Bunn, Raiguel & Co. v. Ahl, 29 Pa. 387.

In a case like this, where all the material facts appear of record or are admitted or proved by uncontradicted evidence, it is the duty of the trial court to rule as a matter of law whether the facts established such fraud as would vitiate the transaction. Hence the court was justified in giving binding instructions to the jury to find for plaintiff: Koons v. Steele, 19 Pa. 204; Milne v. Henry, 40 Pa. 352; Thompson v. Kauffelt, 110 Pa. 215; Angier v. Eaton, 98 Pa. 594; Werner v. Zierfuss, 162 Pa. 360.

OPINION BY MR. JUSTICE WILLIAMS, January 3, 1898:

The verdict in this case was directed by the court as against the appellant bank and Rachel R. Pollard. Upon a motion for a new trial this verdict was set aside as to Rachel Pollard and a new trial granted, but the motion was refused so far as appellant was concerned and judgment entered on the verdict. Our question is not whether the defendants stood on substantially the same ground, but whether the reasons for directing judgment on the verdict are tenable. The facts are these: W. W. O'Neil was engaged in the manufacture and sale of lumber in Clarion county and was in possession of a considerable amount of property. On the 18th day of April, 1893, his affairs were not in a prosperous condition, and he was very sick in the city of Pittsburg. His principal creditors and those whom he desired particularly to secure were his mother-in-law, Mrs. Pollard, and the First National Bank of Clarion. He was indebted to

the bank in the sum of $7,245.75 upon notes made by him and discounted for his credit, and in the sum of $6,754.77 upon notes indorsed by him and largely, if not wholly, discounted for him and at his request. To secure the bank he executed a judgment note in its favor for the sum of $12,500 and sent it to the bank. The bank entered judgment upon it in Clarion county, and at once issued a writ of fieri facias upon it and levied upon the goods of O'Neil. The learned judge of the court below held this to be a legal fraud, and the judgment in this action was entered against the bank upon the theory that the money raised by the sheriff's sale upon this judgment was subject to attachment by other creditors of O'Neil, as his money in the hands of the bank. This is made to appear by the answers to the points submitted by the defendant. Its second point asked an instruction that "A judgment confessed by an insolvent man to secure a bona fide creditor whether contingent or otherwise, even though it be intended to and has the effect of giving him a preference over other creditors is not fraudulent in law or in fact." This was answered "refused." We think the answer should have been substantially "Such a confession of judgment is not a fraud in law. Whether it is a fraud in fact or not must depend on the attending circumstances." The answer made by the learned judge must have rested on one of two reasons; either he regarded the preference resulting from the confession of the judgment a fraud upon other creditors, or that the making of the note large enough to cover, as the debtor supposed and intended, his indorsements as well as his own notes, was a fraud in law, and rendered the note void for all purposes. Something like the first of these positions was held in Ashmead v. Hean et al., 13 Pa. 583. An insolvent debtor made a conveyance of real estate to a bona fide creditor, and for full value. The conveyance was held void because both parties knew that its effect must be to give the vendee the preference and so to delay other creditors, and this was the purpose of the vendee in insisting on the conveyance. But this case was promptly overruled in Uhler v. Maulfair, 23 Pa. 481, where the proposition was distinctly stated that "So long as a debtor is the owner of real estate he may prefer one creditor to another either by judgment or by conveyance for a fair price." And why not? If the debtor does not convey or incumber his real estate, the law will

The most vigilant creditor will secure the first lien, although it is clear that others may be hindered and delayed or wholly defeated in consequence. If instead of obtaining his judgment through an action at law the creditor is able to secure a confession of judgment by his debtor, the result is precisely the same. In either case his purpose is to secure himself first, if that is possible, regardless of the effect that may follow as to others who are behind him. Since Uhler v. Maulfair, supra, this has been the settled law of this state: Wilson v. Berg et al., 88 Pa. 167; Lake Shore Banking Co. v. Fuller, 110 Pa. 156; Werner v. Zierfuss, 162 Pa. 360.

The other question remains. Was the note rendered invalid by the circumstance that it was made large enough to cover, or nearly so, the contingent liabilities of O'Neil to the bank, growing out of his indorsements? It is not alleged that the giving of the note was the result of a conference between the parties. It was the act of O'Neil done in view of his financial condition at the time. There is no reason for imputing to him therefore a fraudulent motive in making the note, nor for imputing such motive to the officers of the bank in accepting and using it. The question is, did the fact that the amount inserted in the note was intended to be large enough to cover both his actual and his contingent liabilities to the bank render it void in toto? In questions of distribution of assigned estates it often becomes necessary to inquire when the right of action in a claimant vested, or when his debt became an absolute indebtedness of the assignor or insolvent, but that question does not arise here. The question comes down to this: Can a debtor secure his friend against a contingent liability? We answer this question in the affirmative. This has been held as to bail: Davis v. Charles, 8 Pa. 82. I am not aware that the question has arisen upon just the circumstances presented in this case, but the general proposition that an indorser is contingently liable to the holder of the note, and that he may secure the holder by the delivery of collaterals or by a confession of judgment is recognized in many cases. The holder is not entitled to collect his debt from the indorser who is primarily liable to him, and then collect it over again from the maker. The payment by either extinguishes the debt. If the maker pays, the indorser's liability to the bank is correspondingly reduced, and the judgment so far satisfied.

The court below also held that an agreement between a portion of the creditors of O'Neil by which it was agreed to buy at the sheriff's sale so much of the logs and other property of O'Neil as was practicable, manufacture the logs into boards, sell for the best price they could get and divide the net proceeds of such sales was fraudulent. This combination only embraced a portion of the creditors. It did not look to preventing competition at the sale, or to depressing the price. It was an attempt to make the goods, if bought by any member of the combination, bring the most money possible to apply upon their debts, by adding to the value of the logs the profit of their manufacture into boards. This was not necessarily fraudulent: Young v. Snyder, 3 Grant, 151. There must be actual fraud, such as a combination to purchase at an undervaluation, or to discourage bidding by others, to justify setting aside the sale or treating it as a nullity: Dick v. Cooper, 24 Pa. 217. The cases cited in support of the judgment of the court below are not in point. Oyster v. Short, 177 Pa. 601, was the case of an assigned estate, and the question raised was one of distribution between claimants on the fund in the hands of the assignee. Brough's Estate, 71 Pa. 460, also arose on the distribution of an insolvent estate. The question in both cases was, at what time the right of certain claimants to share in the fund matured? These cases throw no light upon the questions raised here.

On a consideration of the several assignments of error we sustain the second, third and fourth. We incline also to sustain the first, as we see no evidence in the case that should justify the jury in finding fraud in fact, and as the circumstances did not amount to fraud in law. There was therefore really nothing to submit to the jury upon this question.

The judgment is reversed and a venire de novo awarded.