## Snayberger v. Fahl.

*Debtor and creditor—Preference—Payment—Conveyance in fraud of creditors.*

If a creditor takes a judgment, or conveyance, or payment in any form to secure an actual debt, the transaction will be valid against other creditors, although he knew that the effect would be to postpone others; that the debtor intended it to have that effect; and although he took it to aid that effect to protect himself. The criterion is not the effect, but the fraudulent intent.

To impeach the payment or securing of an actual debt there should be evidence tending to show either, first, some other advantage or benefit to the debtor beyond the discharge of his obligation; or, secondly, some other benefit to the creditor beyond mere payment of his debt; or, lastly, some injury to the other creditors beyond mere postponement of the debt preferred.

*Evidence—Fraud—Latitude of proof.*

Where fraud is alleged great latitude of proof is allowed and every fact or circumstance from which a legal inference of fraud may be drawn is admissible. Yet while this is true, fraud cannot be presumed, but must be clearly and distinctly proved by the party alleging it.

Where a conveyance made to one creditor is attacked on the ground that it was made with the intent to defraud other creditors, it is the motive of the creditor preferred and not of the debtor which determines the fraudulent character of the transaction.

*Debtor and creditor—Preference—Fraud—Mortgage.*

Where a mortgage is given for a valid debt, but is defectively acknowledged, the mortgagors may, subsequently and immediately before the taking of a verdict against them in a suit by another creditor, make an absolute conveyance of the mortgaged premises to the mortgagee, and if it appears that the amount of the mortgage is about equal to the value of the property, and that the only intent of the parties was to secure payment of the mortgage, the conveyance cannot be successfully attacked by other creditors of the mortgagor.

Argued Feb. 12, 1900. Appeal, No. 204, Jan. T., 1899, by defendants, from judgment of C. P. Schuylkill Co., May T., 1892, No. 246, on verdict for plaintiff, in case of F. S. Snayberger, Administrator of Henry Fahl, Deceased, v. Sybilla Fahl and Joseph Fahl and Isaac Hoffmeister. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Reversed.

Ejectment for land in West Brunswick township. Before LYONS, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff. Defendants appealed.

*Error assigned* among others was in not giving binding instructions for defendants.

*R. H. Koch*, for appellants.—That the object was simply to secure Hoffmeister, and not to defraud any other person is shown conclusively by all the evidence in the case: Roehling v. Byers, 94 Pa. 316; Scott v. Heilager, 14 Pa. 238.

Fraud is not to be presumed; it must be established either by direct proof or facts sufficient to warrant a presumption of its existence: Jones v. Lewis, 148 Pa. 234; Mead v. Conroe, 113 Pa. 220; Covanhovan v. Hart, 21 Pa. 500; Werner v. Zierfuss, 162 Pa. 366; Walker v. Marine Nat. Bank of Erie, 98 Pa. 578; York County Bank v. Carter, 38 Pa. 453; Lake Shore, etc., Company v. Fuller, 110 Pa. 156; Penn Plate Glass Co. v. Jones, 189 Pa. 290.

*N. Heblich* and *W. F. Shepherd*, for appellee.—The attempt to

obtain a mortgage from Sybilla Fahl for the purpose of securing a debt of her husband and the moneys that Hoffmeister had spent in procuring a worthless title, was a fraud on the said Sybilla Fahl, and the mortgage as appears of record was never a lien upon the property, because it was not acknowledged, as required by law, and the very deed upon which Hoffmeister claims shows it is a fraud upon Mrs. Sybilla Fahl, because she did not owe Hoffmeister any moneys at the time it was executed.

On a question of fraud great latitude is always allowed; every fact or circumstance from which a legal inference of fraud may be drawn is admissible: Cover v. Manaway, 115 Pa. 339; Heath v. Slocum, 115 Pa. 549; Pentz v. Clark, 100 Pa. 446.

OPINION BY MR. JUSTICE MESTREZAT, April 16, 1900:

This action of ejectment was brought April 12, 1892, was tried in January, 1899, and resulted in a verdict for the plaintiff.

Henry Fahl by deed dated March 31, 1874, conveyed to Sybilla Fahl, wife of his son, Joseph Fahl, sixty-three acres of land in West Brunswick township, Schuylkill county, being the premises in dispute. This deed was not recorded until January 30, 1891. David Faust entered a judgment against Henry Fahl on March 17, 1874, for $1,413.78, which judgment was amicably revived on March 1, 1879, for $1,648.93, without notice to Sybilla Fahl. Faust entered another judgment against Henry Fahl on April 1, 1875, for $250. Fi. fas. were issued on these judgments to September term, 1879, and on these writs the premises in dispute and another tract of land containing eighty-eight acres were levied on and condemned. Writs of vend. exps. to November term, 1879, were issued on both judgments and the properties levied on were sold by the sheriff. Isaac Hoffmeister purchased the sixty-three-acre tract for $1,250, which sum was applied by the sheriff to the payment of Henry Fahl's debts. A deed for the premises, dated December 29, 1879, and duly acknowledged by the sheriff the same day in open court, was delivered to Hoffmeister. After this sale, Sybilla Fahl and her husband continued to reside on the premises, paid rent to Hoffmeister and recognized the title as having been vested in him by the sheriff's sale.

By deed dated January 3, 1882, acknowledged January 11, 1882, and recorded January 16, 1882, Hoffmeister and wife con-

veyed the premises to Sybilla Fahl for the consideration of $1,640, which was secured by a mortgage on the premises dated January 13, 1882, and recorded February 2, 1882. The consideration named in the deed was made up of $431.26, due Hoffmeister on a book account against Joseph Fahl, and of the $1,250 paid by Hoffmeister to the sheriff, less $41.26 paid in cash to Hoffmeister. Subsequent to the execution and delivery of the mortgage it was discovered that Sybilla Fahl's acknowledgment thereto was defective.

Henry Fahl died intestate on April 24, 1883. In 1884 F. S. Snayberger, his adminstrator, brought an action against Sybilla and Joseph Fahl, to recover the purchase money due from her for the land in dispute, conveyed by Henry Fahl, in 1874. The case was tried in January, 1891, and at 10:13 A. M. of January 30, the jury rendered a verdict for the plaintiff for $3,350. About a quarter of an hour previous to the verdict, Isaac Hoffmeister recorded a deed for the land, executed, acknowledged and delivered to him on that day by Sybilla Fahl and Joseph Fahl. The consideration of the deed was $1.00 and the cancelation of the defectively acknowledged mortgage of January 13, 1882.

Sybilla Fahl and her husband and Isaac Hoffmeister were neighbors, members of the same church and had been friends for many years. Immediately after the sheriff's sale in 1879 and at all times thereafter Sybilla Fahl and her husband conceded that the title to the premises had passed by that sale to Hoffmeister. They thought that, as the money he had paid the sheriff had been applied to the payment of Henry Fahl's indebtedness, he should have and had a legal claim to the property. The action brought by Henry Fahl's administrator caused them some anxiety for the security of the money paid by Hoffmeister to the sheriff and for which they had given him their mortgage. During the trial of that cause, on the evening prior to the rendering of the verdict, Sybilla Fahl consulted counsel in regard to the matter and was advised that owing to the defective acknowledgment of the mortgage, its validity might be successfully challenged but that she and her husband could secure Hoffmeister by the execution and delivery of a deed to him for the premises. This plan was adopted. Pursuant to the instructions of Judge Koch, counsel of the parties, they came to

Pottsville on the morning of January 30, 1891, and met at his office. He explained the matter fully to them. The deed was then prepared and executed there, and it was agreed by the parties that the mortgage should be considered canceled. At the suggestion of Judge Koch, the deed was taken immediately to the recorder's office and placed on record before the opening of the court and rendition of the verdict in the Fahl case.

The above is a statement of the material facts and they are not controverted by any evidence in the case.

The view that we take of the case renders it unnecessary to consider the assignments of error seriatim. Many, if not all, of them should be sustained. The main point, however, involved in the case, the solution of which will dispose of the issue, is, whether there was sufficient evidence to warrant the jury in finding that the deed to Hoffmeister of January 30, 1891 was executed and delivered for the purpose or with the intent of defrauding the creditors of the grantors, Sybilla Fahl and her husband.

The right of a debtor to prefer one creditor over another has long been settled in this commonwealth. This may be done by a conveyance of property, by judgment, or in any other way except by an assignment in trust. In Covanhovan v. Hart, 21 Pa. 495, it is held that a conveyance of land by a debtor in failing circumstances to a creditor, to pay an existing debt, is not fraudulent although the parties contemplate that thereby the claims of other creditors will be defeated. In that case Chief Justice Black says (p. 501): "The judge said in his charge that little room is left to attribute fraudulent motives, when a debt is actually due from the vendor nearly equal to the value of the property. He should have said there is no room at all." In the late case of Werner v. Zierfuss, 162 Pa. 360, Mr. Justice MITCHELL reviews very fully the subject of conveyances in fraud of creditors, and states clearly the principles applicable to such cases. It is there held as a result of our cases that if a creditor takes a judgment, or conveyance, or payment in any form, to secure an actual debt, the transaction will be valid against other creditors, although he knew that the effect would be to postpone the others; that the debtor intended it to have that effect; and although he took it to aid that effect as well as to protect himself. The criterion is not the effect but the fraudulent intent.

In this case Justice MITCHELL says ( p. 366 ): " Where there is payment of an actual debt there can be no question of fraud in fact for the jury without additional evidence of something which may be considered, either in itself or in its connection with the circumstances, a badge of fraud." And then he states it to be a general rule " that to impeach the payment or securing of an actual debt there should be evidence tending to show either, first, some other advantage or benefit to the debtor beyond the discharge of his obligation ; or, secondly, some other benefit to the creditor, beyond mere payment of his debt; or lastly some injury to the other creditors beyond mere postponement of the debt preferred."

Applying these principles to the case in hand, we are unable to see under the evidence that there can be any question as to the bona fides of the transfer of the premises by Sybilla Fahl and her husband to Hoffmeister by the deed of January 30, 1891. We have stated above the facts clearly deducible from the testimony and they are not controverted by any evidence or inference that can be drawn from the evidence. From the time Hoffmeister purchased the property in 1879, Sybilla Fahl and her husband intended that he should have it or should be repaid the $1,250 which he paid the sheriff and which was applied to the debts of Henry Fahl. This was certainly equitable and just. They became Hoffmeister's tenants and remained such until 1882, when he conveyed the premises to Sybilla Fahl, and she and her husband executed and delivered him the mortgage. They regarded the mortgage indebtedness as bona fide, and have never denied or repudiated it. As a defense to the purchase money part of the mortgage, in the absence of fraud the mortgagors could not set up a want of title : Hersey v. Turbett, 27 Pa. 418. Nor did the defective acknowledgment of the mortgage destroy the indebtedness which it represented. Mrs. Fahl never desired to take advantage of this irregularity or deny the validity of the debt due Hoffmeister, and we are unable to see why she should be compelled to do so. She created this indebtedness and gave the obligation to secure it more than a year and a half before the death of Henry Fahl, and more than nine years prior to the time when she paid it by the conveyance of the property to Hoffmeister in 1891.

It is claimed by the plaintiff that the testimony of Sybilla Fahl and her husband shows that the purpose of the deed to Hoffmeister in 1891 was to prevent the collection of the judgment recovered by him as administrator of Henry Fahl, deceased. Some of the answers of these witnesses to questions on cross-examination apparently sustain this contention. But they were both examined through an interpreter and the replies thus imputed to them are clearly shown by their testimony as a whole to have been given under a misapprehension of the questions. Their entire testimony so conclusively shows that the sole object in the execution and delivery of the deed was to secure their indebtedness to Hoffmeister, that on it alone the court could not sustain a verdict, finding that they had a different or contrary intention.

The evidence as to the value of the property in 1891 did not show that it was much if any greater than the mortgage debt. The difference, if any, between the value of the property and the debt was, therefore, not so great as to justify its submission to the jury as evidence of fraud. There was certainly no evidence that Mrs. Fahl or her husband did, or was to, receive for the conveyance of the land anything more than the payment of their indebtedness to Hoffmeister and the cancelation of the mortgage. Nor was there any testimony that Hoffmeister obtained anything beyond the title to the land in consideration of the satisfaction of the mortgage debt, or that the other creditors of Sybilla Fahl and her husband would be injured beyond the postponement of their debts. There was no evidence on either point to go to the jury.

Where fraud is alleged, great latitude of proof is allowed and every fact or circumstance from which a legal inference of fraud may be drawn is admissible: Yerks v. Wilson, 81* Pa. 9. Yet while this is true, fraud cannot be presumed but must be clearly and distinctly proved by the party alleging it. And "since the scintilla doctrine has been exploded, both in England and in this country, there is a preliminary question in all cases, for the court, not whether there is literally no evidence, but whether there is any that ought reasonably to satisfy the jury, that the fact sought to be found is established; if there is evidence, from which the jury can properly find the question for the party on whom the burden of proof rests, it should be

submitted; if not, it should be withdrawn from the jury:" Per CLARK, J., in Cover v. Manaway, 115 Pa. 346.

The learned judge of the court below tried the case on the theory that if Mrs. Fahl and her husband conveyed the premises to Hoffmeister with intent to defraud their creditors, the deed would be void regardless of Hoffmeister's intentions. This was clearly erroneous under all the authorities. The motive of the creditor and not the intent of the debtor determines the fraudulent character of the transaction.

Regarding, then, the mortgage debt as an existing indebtedness, there was no evidence to submit to the jury that the conveyance to Hoffmeister was with a fraudulent intent on his part or on that of the grantors. He was trying to secure the payment of an honest debt and they were assisting him in that object. That it was done at the time and under the circumstances shown by the testimony does not militate against the honesty or purpose of the act. It is not denied that reputable counsel, with a full knowledge of all the facts, advised the parties that the conveyance to Hoffmeister would be legitimate, and that it was made under his supervision. While the effect of the transaction might be to postpone and, possibly, to prevent the collection of the judgment of Henry Fahl's administrator, yet the evidence fails to disclose any fraudulent intent on the part of the grantors or grantee, and the question should not have been submitted to the jury.

Entertaining the views above expressed, we think the learned judge should have affirmed the defendants' sixth point and instructed the jury that under all the evidence in the case the verdict should be for Isaac Hoffmeister, one of the defendants.

The tenth assignment of error is sustained and the judgment is reversed.