## Shibler *v.* Hartley, Appellant.

*Debtor and creditor—Fraud—Fraudulent conveyance—Preference judgment—Waiver of inquisition—Stay of execution—Waiver of right of appeal.*

If a creditor takes a judgment, or conveyance, or payment in any form, to secure an actual debt, the transaction will be valid against other creditors, although. he knew (1) that the effect would be to postpone the others; (2) that the debtor intended it to have that effect; and (3) although he took it to aid that intent as well as to protect himself. The criterion is not the effect but the fraudulent intent. Without that the transaction cannot be impeached. A corollary of the foregoing rule is that where there is an actual debt the jury cannot be permitted to infer a fraudulent intent by the mere fact of payment or preference given.

As a debtor may lawfully prefer a creditor by actual payment, or by the conveyance of property to him, or by the confession of judgment, it follows that he may hasten the collection of a debt secured by judgment by waiving inquisition, or stay of execution, or the right of appeal. He could waive these rights when he confessed judgment, and he may waive them afterwards to hasten the collection of a debt. The fact that he received a consideration for so doing, the purpose of the creditor being the better to secure or to facilitate the collection of a claim, is not, standing alone, a ground for the inference of fraud.

A jury is not at liberty to deduce fraud from that which the law pronounces honest.

Argued Nov. 1, 1901. Appeal, No. 103, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1900, No. 341, on verdict for plaintiff in case of George W. Shibler v. Beecher Y. Hartley et al. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Ejectment for land in the borough of Homestead. Before Evans, J.

At the trial it appeared that the defendants claimed title under a sheriff's sale based on an execution against C. W. Posey and H. Grant Henderson. Plaintiff claimed title under a sheriff's sale subsequent to that under which the defendant claimed. Plaintiff alleged that the judgment and execution under which the defendants claimed were fraudulent as to the creditors of Posey. The circumstances connected with the two sales are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant. Verdict and judgment for plaintiff.  Defendants appealed.

*Error assigned* was in refusing binding instructions for defendants.

*R. H. Jackson*, with him *Charles P. Lang* and *D. R. Jones*, for appellant.—There was no sufficient evidence of fraud for the jury: Mead v. Conroe, 113 Pa. 220.

*W. I. Craig*, for appellee.—The evidence of fraud in this case amply meets the requirements laid down as essential, in the case of Werner v. Zierfuss, 162 Pa. 360, as necessary before the case should be submitted to the jury.

OPINION BY MR. JUSTICE FELL, January 6, 1902:

We find nothing in the testimony to support an inference of fraud in fact or law.  In a careful review of the subject of conveyances and preferences in fraud of creditors it was said by our Brother MITCHELL in Werner v. Zierfuss, 162 Pa. 360: " . . . . It may be considered as the established result of our cases that if a creditor takes a judgment, or conveyance, or payment in any form, to secure an actual debt, the transaction will be valid against other creditors, although he knew (1) that the effect would be to postpone the others ; (2) that the debtor intended it to have that effect; and (3) although he took it to aid that intent as well as to protect himself.  The criterion is not the effect but the fraudulent intent.  Without that the transaction cannot be impeached.  A corollary of the foregoing rule is that where there is an actual debt the jury cannot be permitted to infer a fraudulent intent by the mere fact of payment or preference given."  As a debtor may lawfully prefer a creditor by actual payment, or by the conveyance of property to him, or by the confession of judgment, it follows that he may hasten the collection of a debt secured by judgment by waiving inquisition, or stay of execution, or the right of appeal. He could waive these rights when he confessed judgment, and he may waive them afterwards to hasten the collection of a debt.  The fact that he received a consideration for so doing, the purpose of the creditor being to better secure or to facili-

tate the collection of a claim, is not, standing alone, a ground for the inference of fraud. " We are not permitted to assign a bad motive to an act which is not wrong in itself or in its necessary consequence ": Covanhovan v. Hart, 21 Pa. 495. " A jury is not at liberty to deduce fraud from that which the law pronounces honest ": York County Bank v. Carter, 38 Pa. 446.

The parties to the ejectment acquired their titles by sheriff's sales under judgments against C. W. Posey. The judgment on which the appellant's title was founded was prior in lien, and if valid their title was indefeasible. It was obtained by them in an action on a bond given by Henderson as principal and Posey as surety to secure the payment of the award of an arbitrator, selected to settle an account between Henderson and his copartners. The action was contested by both Henderson and Posey on the ground that the arbitrator after making an award of $1,800 against Henderson, had re-examined the accounts and altered the award to $6,000. This defense was not considered good at the trial and a verdict was rendered against the defendants. Henderson appealed to this court and the judgment entered on the verdict was reversed. After a new trial in the common pleas had been refused and within the time for an appeal, Posey's real estate was levied on under an execution issued on a judgment confessed to Hayes, and advertised for sale by the sheriff, but the writ was subsequently stayed as to the property now in dispute. Two days before the sale was to take place, the appellants proposed to Posey that if he would waive his right to appeal, they would pay him $1,000 if they realized by the sale the full amount of their judgment and in the event of their being compelled for their own protection to purchase to pay this amount less the interest on mortgage and taxes then due. This offer was accepted. Six weeks later when the appellants desired to sell under their own judgment, they agreed that if Posey would waive the right of inquisition and condemnation so that the sale could be made without delay, they would if they became purchasers reconvey to him on the payment of their judgment less $1,000 within one year.

These were lawful agreements and not in their effect necessarily prejudicial to other creditors. The waivers might have

been incorporated in the agreement sued on, and there is no reason why they should not have been made after judgment was obtained. The first was of advantage to the appellants as it enabled them if a sale was made under the Hayes writ, to use their judgment at once in settlement with the sheriff if they became purchasers or to collect it if they did not; the second avoided delay and expense. The only ground for the contention that there was an intention to hinder, delay or defraud creditors is that the appellants knew that their judgment was invalid. This ground is wholly untenable. There is not a word in the testimony to suggest such an intent, nor a circumstance established from which it could be inferred. They had after a trial, contested at every point, obtained a judgment. How can a jury be permitted to find that because they paid the defendant to waive his right to the delays which the law gives him and to end the litigation at once, they knew their judgment was invalid, and acted with an intent to defraud other creditors? There was a proper and legal reason for their conduct, their desire to make their judgment immediately available. This is the only reason testified to and their conduct was entirely consistent with it and there was no ground for finding any other.

The first assignment of error is sustained and the judgment is reversed.