## Smith et al. v. Keener.

*Judgment—Assignment—Counsel fees.*

1. Where a client assigns a judgment to one of the counsel who procured it, the latter may pay out of the proceeds thereof the fees to which he and his associate were entitled, as against attaching creditors of the client.

2. In such case, it is immaterial that the proceeds of the judgment were collected in the first place by the associate, and paid over by him to the attorney to whom the assignment was actually made.

*Assignments—Fraud—Creditors — Consideration — Contingent liability on note — Father and son — Relationship as evidence of fraud.*

3. The mere fact that an assignment has the effect of preferring one creditor over another is not sufficient to invalidate the transfer, in absence of fraud.

4. A debt in settlement of which a transfer is made must be a valid existing obligation.

5. Where a son is an accommodation maker on a note of his father, the contingent liability is sufficient to support an assignment by the father to him.

6. The mere fact of relationship between the parties to such assignment is not alone sufficient evidence of fraud.

Argued March 24, 1921. Appeal, No. 391, Jan. T., 1921, by G. Von Phul Jones, garnishee, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 6379, on verdict for plaintiff, in case of George B. Smith et al. v. Harry O. Keener. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Attachment sur judgment.

Trial on issues raised by answers to interrogatories. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff and against garnishee for $6,050.21. Garnishee appealed.

*Errors assigned* were, inter alia, rulings and instructions appearing by the opinion of the Supreme Court, quoting them.

*G. Von Phul Jones,* for appellant.—Inch and Jones were entitled to deduct from the fund recovered the amount of their fees and expenses incurred in collecting the money, without resorting to the protection of trust agreement and assignment: McKelvey's and Sterrett's Appeals, 108 Pa. 615; Patten v. Wilson, 34 Pa. 299; Hurley v. Ashbridge, 55 Pa. Superior Ct. 523; Willis v. Curtze, 203 Pa. 111.

The payment to Joseph Keener was valid, it having been made in accordance with the terms of the assignment and trust agreement: Vincent v. Watson, 18 Pa. 96; Riddle v. Etting, 32 Pa. 412; Reehling v. Byers, 94 Pa. 316; Miller v. Shriver, 197 Pa. 191; Coleman's Est., 193 Pa. 605; Kitchen v. McCloskey, 150 Pa. 376; Brown's App., 86 Pa. 524.

The funds having come into the hands of the garnishee after the issue was made up by the plea of nulla bona, plaintiff cannot recover: Mullen v. Maguire, 1 W. N. C. 577; Raiguel v. McConnell, 25 Pa. 262; Franz v. Bernhard, 24 Pa. Dist R. 336; German S. & Dep. Bank v. Union Planing Mill Co., 19 Pa. C. C. R. 18.

*A. T. Johnson,* for appellees, cited: Mitchell v. Stiles, 13 Pa. 306; Heath v. Page, 63 Pa. 108; McCulloch v. Hutchinson, 7 Watts 434; McAllister v. Marshall, 6 Binn. 338; Houseman v. Grossman, 177 Pa. 453; Loftus v. Campbell, 26 Pitts. L. J. 73.

OPINION BY MR. JUSTICE FRAZER, May 26, 1921:

On February 14, 1920, defendant assigned to G. Von Phul Jones, an attorney, for the sum of one dollar and other good and valuable consideration, all his rights in a judgment for $10,442.68, obtained by him against Philip Goldfarb, of the City of New York, in a proceeding in the United States District Court for the Eastern District of the State of New York. At the same time Jones executed an agreement reciting the assignment to him of the judgment and stating it was made "in trust for the purpose of paying all fees that have accrued or which may hereafter accrue or moneys advanced for expenses in the past or future which I or Robert A. Inch may be entitled to receive from said Harry C. Keener; and after payment of said fees and expenses, whatever balance remains shall be paid to Joseph F. Keener, son of Harry O. Keener, for the purpose of liquidating the notes on which he is accommodation maker or

endorser for Harry C. Keener, or any other proper pur-
pose which the said Joseph F. Keener may determine."
On February 18, 1920, plaintiffs in this proceeding en-
tered judgment against defendant for $5,978.67 on a
bond given by him and accompanying a mortgage dated
September 26, 1912, which mortgage had been foreclosed
in 1914 and the property sold and bought in for a nomi-
nal sum.  On February 24, 1910, an attachment was is-
sued under this judgment, naming Jones garnishee, and,
on the following day, the latter filed a plea of nulla bona
and in his answers to the interrogatories recited the as-
signment to him of the judgment against Goldfarb, also
the declaration of trust and averred no money in his
hands, as garnishee, subject to the attachment.

Subsequently, on April 14, Jones received under the
assigned judgment $9,375.92, which he deposited in
bank in his own name as trustee and out of this fund im-
mediately paid to himself the sum of $3,000, pursuant to
an agreement with Keener, in settlement of fees and ex-
penses in several litigated matters, and also paid to
Robert A. Inch, the New York attorney who was associ-
ated with him, $1,866.95, leaving a balance of $4,508.97,
which he gave to Joseph F. Keener, in accordance with
the trust agreement.  It thus appears the money was re-
ceived and paid out after his plea and answers to inter-
rogatories in the garnishee proceedings were filed.

At the trial the court instructed the jury that the
assignment was a fraud in law on Keener's creditors
and the jury found against the garnishee for $6,050.21,
being the full amount of plaintiffs' claim.  While it
seemed to be conceded at the trial that the only claim
made by plaintiffs was for the balance left after Inch
and Jones had been paid, amounting to $4,508.97, the
jury in fact included in their verdict the payment made
to Inch, which was, no doubt, due to that part of the
charge wherein the court stated that Inch stood in the
same position as other creditors.  The court was also ap-
parently under a misapprehension as to the date of pay-

ment to Inch, stating the time to be previous to the assignment, whereas it was not made until two months thereafter.

In view of the fact that Inch and Jones were associated in the matter as counsel for plaintiffs, we see no basis for making a distinction between the nature of their respective claims. While, true, Inch originally received the fund and paid it over to Jones, yet, as Jones was his associate counsel, such payment did not, as contended by counsel for plaintiffs, have the effect of placing it beyond the reach of any lien they might have on the fund. The transfer was made merely for the purpose of distribution under an agreement expressly stipulating for deduction of counsel fees: Aycinena v. Peries, 6 W. & S. 243, 252. Accordingly it remained subject to the general rule that the attorneys were the equitable owners of the fund to the amount necessary to pay for their services (Patten v. Wilson, 34 Pa. 299; McKelvey's and Sterrett's Appeals, 108 Pa. 615) and an attaching creditor possessed no higher right than that of the debtor: Patten v. Wilson, supra; Willis v. Curtze, 203 Pa. 111.

As to the remainder of the fund paid over to Keener, the question arises whether this transaction was a fraud on plaintiffs as creditor of the assignor. The mere fact that the effect of the assignment was to prefer one creditor over another is not sufficient to invalidate the transfer, in absence of proof of fraud: Snayberger v. Fahl, 195 Pa. 336; Shibler v. Hartley, 201 Pa. 286. Of course the debt in settlement of which a transfer is made must be a valid existing obligation, otherwise the amount paid over would be a mere gift attachable by other creditors. In the present case, if the son was an accommodation maker on a note of his father, this contingent liability was sufficient consideration to support the assignment in his favor: Braden v. O'Neil, 183 Pa. 462; Candee's App., 191 Pa. 644. The mere fact of relationship between the parties was not alone sufficient evidence of

fraud: Brown's App., 86 Pa. 524; Kitchen v. McCloskey, 150 Pa. 376; Coleman's Est., 193 Pa. 605.

The court below overruled the garnishee's first offer of proof to show that the son was in fact an accommodation endorser for his father, consequently we are not informed as to whether the garnishee properly paid out the balance in his hands. If that fact is shown the garnishee will be discharged from liability, unless the jury should find the transaction was fraudulent, the burden of proof of which would be on plaintiffs: Snayberger v. Fahl, supra.

The foregoing conclusion as to the effect of the assignment renders unnecessary consideration of the questions discussed by counsel relating to the effect of the attachment.

The judgment is reversed with a new venire.