# Schimmel et al. *v.* Cohen, Appellant.

*Promissory notes — Negotiable instruments — Consideration — Value—Antecedent debt—Extension of time—Accommodation endorser—Act of May 16, 1901, P. L. 194—Affidavit of defense— Bankruptcy—Preference—Fraud.*

1. Under the Negotiable Instruments Act of May 16, 1901, an antecedent or a preëxisting debt constitutes value, whether the instrument is payable on demand or at a future time.

2. Under the act, an accommodation endorser is liable to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.

3. In an action by the payee of a promissory note against an endorser, the defendant is liable where there is no fraud, and it appears that defendant endorsed the note at the request of and for the accommodation of the maker, that the note was given in

lieu of a cash payment of a preëxisting debt, that the entire transaction was known to both plaintiff and defendant, and that it was in fact carried out at defendant's suggestion as an alternative to the immediate payment of the debt.

4. In such case, it is immaterial that the maker of the note was at the time insolvent, and that this was known to plaintiff.

5. The question of distribution of assets among the various creditors in bankruptcy proceedings has no bearing on the issue raised in such case.

6. A man may prefer one creditor to another if he sees fit to do so, and the mere fact of such preference will not invalidate the transaction, in the absence of an allegation and proof of fraud.

Argued May 25, 1922. Appeal, No. 18, May T., 1922, by defendant, from judgment of C. P. Dauphin Co., June T., 1921, No. 372, for want of a sufficient affidavit of defense, in case of Samuel Schimmel et al., trading as Schimmel Electric Supply Co. v. Max Cohen. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on promissory notes.

Motion for judgment for want of a sufficient affidavit of defense. Before Fox, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs. Defendant appealed.

*Error assigned* was judgment, quoting record.

*Robert Rosenberg,* of *Rosenberg & Rosenberg,* with him *Eugene G. Cohen,* for appellant, cited, as to consideration: Petrie v. Clark, 11 S. & R. 377; Depeau v. Waddington, 6 Wharton 220; Kirkpatrick v. Muirhead, 16 Pa. 117; Lord v. Ocean Bank, 20 Pa. 384; Maynard v. Bank, 98 Pa. 250; Smith v. Hine, 179 Pa. 203; Ott v. Seward, 221 Pa. 630.

As to insolvency: Pirie v. T. & T. Co., 182 U. S. 443.

*Wm. S. Snyder,* with him *John Weaver,* for appellee, cited: Carpenter v. Bank, 106 Pa. 170; Smith v. Wa-

chob, 179 Pa. 260; Weigley v. Conrade, 132 Pa. 147; Ott v. Seward, 221 Pa. 630; Wolfgang v. Shirely, 239 Pa. 408; First Nat. Bank v. Dick, 22 Pa. Superior Ct. 445; Chambers v. McLean, 24 Pa. Superior Ct. 567.

OPINION BY MR. JUSTICE FRAZER, June 24, 1922:

Plaintiffs, doing business as a partnership under the name of Schimmel Electric Supply Company, brought suit against defendant as endorser on a series of eight promissory notes, payable to plaintiffs' order and made by Reiter Bros. & Vinicoff, all of which were duly protested at maturity for nonpayment, and notice given. The statement of claim averred plaintiffs were bona fide holders for value and were induced to accept the notes by reason of defendant's endorsement. The affidavit of defense set out that Reiter Bros. & Vinicoff were indebted to plaintiffs for merchandise sold and, on their failure to make payment of the amount due, plaintiffs' representative, on making an inspection of the debtor's books and finding the latter to be insolvent, "insisted upon payment of the full amount due plaintiffs or notes for the amount due them to be endorsed by persons of responsible financial standing in order that they, the said plaintiffs, might be secured for the amount due them" and that Reiter Bros. & Vinicoff thereupon signed a series of notes including those in suit, payable successively a week apart, and that defendant signed the same as accommodation endorser. The affidavit of defense further set up want of consideration and averred plaintiffs accepted the notes merely as collateral security for the debt due them, and, consequently, were not bona fide holders for value. Judgment was entered by the court below for want of a sufficient affidavit of defense and defendant appealed.

As the record discloses no allegation of fraud, we have for determination merely the liability of a defendant who, at the request of and for the accommodation of the maker of notes given in lieu of a cash payment of a

preëxisting debt, became endorser thereon; the entire transaction being known to defendant and, in fact, carried out, at his suggestion, as an alternative to the immediate payment of the debt.

The questions raised in the affidavit of defense are fully covered by express provisions in the Negotiable Instrument Act of May 16, 1901, P. L. 194. Section 25 of that act provides that value "is any consideration sufficient to support a simple contract. An antecedent or preëxisting debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time," and section 29, relating to the liability of an accommodation party, provides that "such a person is liable on the instrument to a holder for value notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Under these provisions the preëxisting indebtedness, together with extension of time for payment, was consideration for the notes and, there being no fraud alleged, defendant became liable to plaintiffs as holder for value, although the latter knew defendant was merely an accommodation endorser. The debtor was given the option of either paying the debt or furnishing notes with a responsible endorser. He chose the latter and received by such action an extension of time in which to pay the debt already due. Here was an actual consideration. Moreover, the affidavit of defense concedes the notes were given for the benefit of the maker and that the very purpose of the transaction was accomplished at the time of their delivery to plaintiffs, consequently defendant is not in a position to set up want of consideration: Smith v. Hine, 179 Pa. 260; Delaware County Trust Co. v. Haser, 199 Pa. 17. Defendant further contends that, as the debtor was at the time insolvent, which condition was known to plaintiffs, that fact was equivalent to fraud sufficient to prevent recovery against defendant, inasmuch as the transaction created a preference in favor of one creditor over another and constituted an act of

bankruptcy. The effect of such action, as between plaintiffs and other creditors of the debtor, is immaterial so far as this case is concerned, and need not be considered. However, a man may prefer one creditor over another if he sees fit to do so and the mere fact of such preference will not invalidate the transaction in the absence of an allegation and proof of fraud: Covanhovan v. Hart, 21 Pa. 495; Snayberger v. Fahl, 195 Pa. 336; Smith v. Keener, 270 Pa. 578. The question of distribution of assets among the various creditors in bankruptcy proceedings has no bearing on the issue raised in this record.

The judgment is affirmed.