Varsity Building and Loan Association, Appellant, v. Ankele et al.

46

Argued December 14, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*W. Bradley Ward,* and with him *Lemuel B. Schofield,* for appellant.

*Samuel J. Taylor,* for appellees.

OPINION BY STADTFELD, J., March 1, 1935:

On September 19, 1929, the defendant, Caroline J. Ankele, executed and delivered to the plaintiff her

bond and warrant of attorney in the penal sum of $3,000, conditioned for the payment of the just sum of $1,500, secured by her second mortgage, bearing like date, upon premises 7505 Boyer Street, Philadelphia, which said mortgage was under and subject to a first mortgage of $5,000.

On July 6, 1932, because of defaults under the terms of defendant's bond and mortgage, the plaintiff entered judgment against the defendant, Caroline J. Ankele, on her bond in the Court of Common Pleas of Montgomery County for $1,575.

On July 11, 1932, a transcript of the judgment so entered was filed in the Court of Common Pleas No. 3 of Philadelphia County. On the same day, plaintiff, through its attorney, wrote and mailed to the defendant, Caroline J. Ankele, a letter giving notice of the entry of the said judgments in Montgomery and Philadelphia Counties, which letter was duly received.

In the month of June, 1934, when this case was tried, the judgments remained unsatisfied and there was a balance due by the defendant, Caroline J. Ankele, to the plaintiff in the sum of $1,378.02 after giving her full credit for all dues paid in by her to the plaintiff.

As a result of foreclosure proceedings under the first mortgage of $5,000, premises 7505 Boyer Street were sold at sheriff's sale on August 7, 1933, to the first mortgagee, thus discharging the lien of the plaintiff's second mortgage.

At the time of the execution and delivery by the defendant, Caroline J. Ankele, of her bond and mortgage to the plaintiff, she was, and continued until July 12, 1932, to be a beneficiary and annuitant under the will of her sister, Mary E. Post, deceased, whose will directed the defendant, Corn Exchange National Bank and Trust Company, trustee under her will, to pay to

the defendant, Caroline J. Ankele, an annuity of $50 a month during the term of her natural life or until the trust fund be exhausted. The said will further provided that in case of the death of said Caroline J. Ankele, before full distribution of the trust estate, the said trustee shall pay said annuity, in equal shares, to Diademma Ankele and Bernice Ankele, or the survivor, during the term of their natural lives, or until the trust fund be exhausted.

On July 12, 1932, the defendant, Caroline J. Ankele, consulted her attorney, Samuel J. Taylor, Esquire, and executed an assignment of her interest as a beneficiary and annuitant under the will of Mary E. Post, deceased, in favor of her daughters, Bernice Ankele and Diademma Ankele, both defendants in this case. The assignment recited that it was made "for and in consideration of natural love and affection and of valuable considerations and for the further sum of one dollar."

Since July 12, 1934, the defendant, Corn Exchange National Bank and Trust Company, trustee, has paid the sum of $50 monthly to the defendants, Bernice Ankele and Diademma Ankele, in equal shares of $25.

On May 7, 1934, the plaintiff caused to be issued a writ of attachment sur judgment under the judgment, obtained by the plaintiff against the defendant, Caroline J. Ankele, in the court of common pleas No. 3, directed to the Corn Exchange National Bank and Trust Company, trustee, as garnishee. Interrogatories were filed by the plaintiff, and the answers of the Corn Exchange National Bank and Trust Company, filed on May 26, 1934, disclosed the existence of the assignment by Caroline J. Ankele to her daughters of her interest under the will of Mary E. Post, deceased.

Plaintiff thereupon filed a bill in equity on June 2, 1934, setting forth the facts above recited and praying

that the aforementioned assignment be declared fraudulent, cancelled and set aside; that the defendant, Caroline J. Ankele, be declared the actual party in interest under the trust provisions of the will of Mary E. Post, deceased; that the defendants, Bernice Ankele and Diademma Ankele, be declared to have no legal or equitable interest under the said trust provisions; that the defendants, Caroline J. Ankele, Bernice Ankele and Diademma Ankele, be enjoined from selling, assigning or encumbering the annuity; that the Corn Exchange National Bank and Trust Company, trustee, be enjoined from paying to the defendants, Caroline J. Ankele, Bernice Ankele and Diademma Ankele, any funds from the estate of Mary E. Post, deceased; that the court make an order directing the defendant, Corn Exchange National Bank and Trust Company, trustee, to pay to the plaintiff $50 per month out of the funds of the estate of Mary E. Post, deceased, to apply on account of the indebtedness of the defendant, Caroline J. Ankele, to the plaintiff; that the defendants, Bernice Ankele and Diademma Ankele, be declared trustees ex maleficio of the moneys received by them from the defendant, Corn Exchange National Bank and Trust Company, trustee, and be required to account to the plaintiff for all moneys so received.

The answers filed by the defendants denied the allegations of fraud, and averred that the assignment by Caroline J. Ankele to her daughters "was made for a valuable consideration, because of diminution of the trust fund, said assignment was made in order to accelerate the remainders therein to Bernice Ankele and Diademma Ankele, and to reimburse them for their outlays in her behalf" in that they for some six years previously to July 12, 1932, while employed, "paid over their salaries to said Caroline J. Ankele, defendant, their mother, and in addition thereto assisted said Caroline J. Ankele in the household, and

since said assignment they have continued to support their said mother, Caroline J. Ankele, one of the defendants, and assist her in the household.''

A hearing on a rule for a preliminary injunction was held June 16, 1934, before McDevitt, P. J., which, after introduction of documentary evidence and the taking of a small amount of testimony, was continued until June 21, 1934, on which date the case was tried and regarded, by agreement, as a final hearing.

On July 12, 1934, the said chancellor filed an opinion containing findings of fact, conclusions of law and rulings on requests filed by the parties, and entered a decree nisi on the same day dismissing the plaintiff's bill.

Exceptions were filed by the plaintiff and dismissed by the court en banc on September 21, 1934, whereupon this appeal was taken.

The sole issue that was presented to the court below was whether any fraud was committed by Caroline J. Ankele on July 12, 1932, when she made the assignment hereinbefore mentioned. The appellant contended that said assignment was presumptively fraudulent; the appellees contended that the appellant had the burden of proving fraud and had not borne that burden.

The chancellor and the court below en banc adopted the contention of the appellees.

Caroline J. Ankele testified that she is 52 years old and that her husband died June 26, 1926; that her sister, Mary E. Post, died about eight months thereafter; that her daughters, Diademma and Bernice, are aged, respectively, 27 and 24; that they had always turned over to her their money for the keep of the family and herself; that Diademma went to work about the year her father died, and Bernice a couple of months after his death; that she scarcely ever took the money that

she did not say some day she would pay it all back to them; that before she consulted her attorney, Mr. Taylor, she told her daughters she was going to give them what was due them.

Diademma Ankele testified that she went to work in September, 1926, for the Lehigh Valley Railroad, receiving in the beginning a salary of $56 a month, which was increased after about one year to $65, then to $75 and later on to $90 and then to $100; that she gave her entire salary to her mother monthly when received, except for a small amount for clothes and carfare; that her mother frequently said that she would repay her and her sister; that she and her sister Bernice were present at the office of the attorney, Mr. Taylor, when the assignment was executed; that since the assignment in July, 1932, the Corn Exchange National Bank & Trust Company has paid to her $25 a month, and a like amount to her sister, Bernice.

Bernice Ankele testified that in June, 1926, having finished her junior year in the Girls High School, she obtained a position with the Franklin Fire Insurance Company where she was working up to the present time; that she received $50 a month when she started to work, which was raised to $60 a month later; a year later it was increased to $75 and about 1928 she received $80 a month; later it was raised to $100 which, with bonus she received, made it $120 a month; that she gave her salary when received, except what she needed for transportation, lunch and clothes, to her mother, since August 9, 1926; that her mother always told her she would repay her; that she was present when the assignment was prepared.

J. B. Keck, secretary of appellant association, testified that he had no personal knowledge of Caroline J. Ankele having done anything whatsoever to hinder, delay or defraud her creditors or had any information upon which to base such an inference.

There was no evidence whatever to show the amount of the fund out of which the annuity was to be paid, or how long such payments would, under ordinary circumstances, continue; or that the value of the annuity assigned on July 12, 1932, was disproportionate to the amount of the assignor's indebtedness to the assignees. The assignor had only a life interest in the annuity, which would cease at her death and would then be payable, if any of the fund still existed, to her daughters who were her assignees.

The chancellor made, inter alia, the following findings and conclusions: "13. On July 12, 1932, when the assignment was made by Caroline J. Ankele to Bernice Ankele and Diademma Ankele, there actually existed an honest, actual and bona fide indebtedness by Caroline J. Ankele to her daughters Bernice and Diademma Ankele to whom she made the assignment ...... 18. There was no fraud committed by Caroline J. Ankele on July 12, 1932, when she made the assignment to her daughters Bernice Ankele and Diademma Ankele of the annuity she had been receiving under the will of Mary E. Post ...... 22. Caroline J. Ankele had a legal right to waive her right to said earnings during her children's minority and consider the payment thereof as a loan by her children to her ...... 25. Bernice Ankele and Diademma Ankele, after they respectively attained the age of twenty-one years, continued up to July 12, 1932, when the assignment was made to them, to give their mother Caroline J. Ankele all of their earnings except that necessary for transportation, lunches and clothing. 26. Said Bernice and Diademma Ankele from and after July 12, 1932, have continued to support their mother, Caroline J. Ankele."

We have gone over the record and the notes of testimony with great care, but we are unable to say that we find any error in the fundamental facts, as stated

by the chancellor, or in his deductions therefrom. The findings of fact of a chancellor, when approved by the court in banc, will not be disturbed on appeal except for clear or manifest error: Altaffer v. Anderson Auto Co., 77 Pa. Superior Ct. 63; Burke v. Harkins, 296 Pa. 414, 146 A. 94.

Fraud invalidating a conveyance to creditors is never presumed, but must be affirmatively proved: Andrews v. New Bethlehem Window Glass Co., 268 Pa. 565, 112 A. 90; Smith v. Keener, 270 Pa. 578, 113 A. 912.

As to the daughters' earnings prior to their majority, the mother had a right to waive ownership and treat them as debts to the daughters. Brown's Appeal, 86 Pa. 524.

Except as against a bankrupt law, a debtor may prefer one creditor to another, and such preference is not fraudulent either in law or in fact: Brown's Appeal, supra; Werner v. Zierfuss, 162 Pa. 360, 29 A. 737; Shibler v. Hartley, 201 Pa. 286, 50 A. 950; Buckwalter Stove Co. v. Edmonds, 283 Pa. 236, 128 A. 835.

The mere fact that an assignment has the effect of preferring one creditor over another is not sufficient to invalidate the transfer in the absence of fraud, and fraud is not established by the fact that the assignor is a parent of the assignee: Smith v. Keener, supra; Sauter v. Grelle, 100 Pa. Superior Ct. 47.

The criterion of fraud is the intent, but a fraudulent intent can not be inferred from the mere fact of obtaining a preference of an existing debt, as it is not a fraudulent act to secure or facilitate payment of a debt. Mr. Justice FELL in Shibler v. Hartley, supra, quoting Mr. Justice MITCHELL in Werner v. Zierfuss, supra, said, " 'It may be considered as the established result of our cases that if a creditor takes a

judgment, or conveyance, or payment in any form, to secure an actual debt, the transaction will be valid against other creditors, although he knew (1) that the effect would be to postpone the others; (2) that the debtor intended it to have that effect; and (3) although he took it to aid that intent as well as to protect himself. The criterion is not the effect, but the fraudulent intent. Without that the transaction cannot be impeached. A corollary of the foregoing rule is that where there is an actual debt the jury cannot be permitted to infer a fraudulent intent by the mere fact of payment or preference given.' "

We find no merit in the assignments of error relating to the admission of evidence as to the amount due on the judgment of plaintiff association. We do not consider it a collateral attack on the judgment. The judgment was valid irrespective of the amount due thereon. Likewise, the assignment as to the admission of evidence as to the judicial sale of certain property in Montgomery County.

The assignment of error as to the alleged limitation of plaintiff's counsel in his cross-examination of the defendant, Caroline J. Ankele, is without merit. The objections which the court sustained were as to the repetition of questions which had already been answered.

As we have already stated, the chancellor found no grounds existed upon which to base a decree declaring the assignment fraudulent and setting it aside, and under his findings of facts, which were warranted by the testimony, and conclusions of law based thereon, plaintiff's bill was properly dismissed.

Decree affirmed at appellant's costs.