## The Bell Telephone Company of Pennsylvania v. Schwab

*Joseph A. Keough,* for plaintiff.

*Harry M. Miller* and *Thomas F. Gain,* for defendant.

BOK, P. J., August 22, 1938.—Plaintiff is a judgment creditor of the Globe Rubber & Metal Company. A writ of fieri facias issued to enforce the judgment on August 14, 1937, was returned nulla bona. Plaintiff's bill in equity avers that the entire capital stock of the Globe Company was owned by three men; that the three endorsed notes for approximately $20,000 given in June 1936 by the Globe Company to defendant to secure a loan, and that all of their stock was assigned to defendant by the endorsers as collateral. On October 6, 1936, when the company was insolvent, the three transferred the stock outright to defendant in exchange for a release of their liability as endorsers. It is then alleged that defendant, acting through her husband, took possession of the company's assets and liquidated them by November 5, 1936, realizing $14,000, which was paid to defendant.

Defendant's answer denies only one material allegation, and avers that the three original shareholders, who were the only directors, resigned on October 6, 1936, and a new board was elected. The new board appointed defendant's husband general manager, and in that capacity he liquidated the assets and paid the proceeds to defendant on account of the company's indebtedness.

At the hearing the facts were agreed upon virtually as given above with the amendment made by the answer. We must decide whether to compel defendant to account and to make reimbursement to a receiver who will distribute the assets ratably to all creditors.

### Findings of fact

1. In June 1936, all of the capital stock of the Globe Rubber & Metal Company, a Pennsylvania corporation, was owned by Edward S. Roberts, Abraham Roberts, and David Roberts.

2. Said company is indebted to plaintiff, The Bell Telephone Company of Pennsylvania, in the amount of $137.32, for which debt plaintiff obtained judgment on August 14, 1937. A writ of fieri facias issued to enforce the judgment was returned marked nulla bona.

3. In June 1936, the Globe Rubber & Metal Company was indebted to defendant, Fannie Schwab, in the sum of $22,527.35 for money loaned by her to the corporation.

4. The said indebtedness was evidenced by notes of the corporation, endorsed by the three individual stockholders, who also assigned their stock in the corporation to Fannie Schwab as collateral security.

5. On October 6, 1936, the Globe Rubber & Metal Company was and it still is insolvent.

6. On October 6, 1936, the three stockholders transferred their stock to Fannie Schwab absolutely in consideration of their release from liability as endorsers on the notes.

7. On October 6, 1936, the board of directors of the Globe Rubber & Metal Company consisted of Edward S. Roberts, Abraham Roberts, and David Roberts.

8. On October 6, 1936, said directors resigned and a new board was elected immediately.

9. The new board appointed Joseph Schwab, husband of defendant, general manager of the company.

10. Joseph Schwab liquidated substantially all the assets of the company, and between October 6, 1936, and

November 5, 1936, acting on behalf of the company, he paid to defendant the proceeds in amounts aggregating $13,854.04, leaving a balance of $8,673.31 owing to defendant from the company, which balance still remains unpaid.

### Discussion

Generally, as the Superior Court wrote in Varsity B. & L. Assn. v. Ankele et al., 117 Pa. Superior Ct. 45, 53 (1935), even an insolvent "debtor may prefer one creditor to another, and such preference is not fraudulent either in law or in fact: Brown's Appeal, supra; Werner v. Zierfuss, 162 Pa. 360, 29 A. 737; Shibler v. Hartley, 201 Pa. 286, 50 A. 950; Buckwalter Stove Co. v. Edmonds, 283 Pa. 236, 128 A. 835." But to this rule there happily are exceptions, chiefly in corporate transactions. Thus, it is old law that an insolvent corporation cannot validly prefer the claim of a director or officer. See Sicardi et al. v. Keystone Oil Co. et al., 149 Pa. 148 (1892), and Page, Trustee, v. Moore et al., 239 Pa. 285 (1913). And even where a director is merely a surety for an obligation, a preferential payment made by an insolvent corporation to the creditor is voidable: Pangburn v. American Vault, Safe & Lock Co. (No. 1), 205 Pa. 83 (1903). The earlier decisions of Neal's Appeal et al., 129 Pa. 64 (1889), and Mueller et al. v. The Monongahela Fire Clay Co. et al., 183 Pa. 450 (1898), may be differentiated on the ground that the judgment notes enforced there subsequent to insolvency were given as part of transactions completed prior to insolvency. See generally, the cases collected in 19 A. L. R. 356 (1922), 38 A. L. R. 93 (1925), 48 A. L. R. 479 (1927), 56 A. L. R. 207 (1928), 62 A. L. R. 738 (1929), and 15A Fletcher's Cyclopedia of Corporations (1938) secs. 7421-7580.

The circumstances here may properly be regarded as lying within the principle of the Pangburn case, supra. The three Roberts, who owned the insolvent corporation prior to October 6, 1936, had endorsed its notes held by

defendant. If, in order to obtain the discharge of their personal liability, they had transferred the corporate assets to defendant and thereby prejudiced other creditors, the transfer unquestionably could have been set aside. I see no difference between that and the device adopted here. Indeed, the transfer here was more inclusive and drastic, for defendant received not only the assets but the corporation itself. The directors, to save themselves, granted one creditor permission to strip the corporation, which she immediately did, instead of stripping it for her. The form alone varies; the substance remains as inequitable. I know that there is much language that shareholders own interests in the corporation and not the corporation's goods, and that a sale of the shares is not a sale of the assets, but I find no decisions upon facts like those before me to prevent the result I would reach. While not precisely apposite, Utica Mutual Ins. Co. v. Easton Structural Steel Co., Inc., et al., 327 Pa. 241 (1937), will be found of interest here.

However, even if the conduct of the former directors be not considered, plaintiff must prevail. As we have seen, directors and officers who are creditors may not prefer themselves. No Pennsylvania cases treat of shareholder-creditors. The few decisions elsewhere are divided, the majority permitting shareholders to obtain a preference because of the individual shareholder's lack of control of and identity with the corporation. See section 3(c) of the A. L. R. annotations cited supra, and Fletcher's Cyclopedia of Corporations, supra, sec. 7484. But obviously the reason of the shareholder cases does not obtain here, whereas that of the director cases does. A preference will not be allowed to one whose interests as an individual conflict with his responsibilities as a just corporate manager, controlling the corporation's action and molding its policies, and in a position of influence denied to the ordinary creditor. Defendant enjoys such a position; she is not a small shareholder as removed from real control as one who is a creditor only.

See Sidell v. Missouri Pacific Ry. Co. et al., 78 Fed. 724 (C. C. A. 2d, 1897), Atwater v. The American Exchange National Bank of Chicago et al., 152 Ill. 605, 38 N. E. 1017 (1893), Clark, etc., v. Pargeter et al., 142 Kan. 781, 52 P. (2d) 617 (1935), and Krause et al. v. Malaga Glass Co. et al. (N. J. 1889), 18 Atl. 367.

Much has been written of "piercing the corporate veil". Suffice it now to say that it is an old doctrine and will be applied to prevent the perpetration of fraud by the shareholders of a corporation upon its creditors. See e.g., Montgomery Web Co. v. Dienelt et al., 133 Pa. 585 (1890). What we had after October 6, 1936, was payment to defendant by defendant on account of a debt owed to herself, disadvantaging other creditors of defendant's puppet corporation. If a director cannot lawfully prefer himself, a fortiori, Fannie Schwab—who named and could remove the directors at will (see the Business Corporation Law of May 5, 1933, P. L. 364, sec. 405, 15 PS §2852-405), who was the sole beneficiary of their action and who managed the business in her own interest and by her husband—should be similarly barred. I so hold.

Repayment by defendant ought to be to a disinterested person; it would do little good to have the moneys received by a corporation dominated by her. Therefore I must appoint a receiver, but for the present his powers will be strictly limited since these proceedings as presented before me were not directed to nor do they fall within the Insolvency Act of June 4, 1901, P. L. 404, 39 PS §1 et seq. or the Business Corporation Law, supra, secs. 1101—1112. He will confine himself to the enforcement of this one claim and its pro rata distribution among the corporation's creditors. The corporation will be joined as a party defendant under Pennsylvania Equity Rule 17 to permit the appointment, and there is no prejudice thereby done it for, as we have seen, the defendant is in substance the corporation.

A petition to intervene as party plaintiff was presented to us by the National Enameling & Stamping Company, allegedly a creditor of the Globe Company. An answer was filed by defendant denying the claim, and action upon the petition was suspended pending the taking of depositions. I shall not pass upon it now for the petitioner ought to present its claim to the receiver, who will in the first instance adjudge its validity as he will the claims of all other creditors.

### Conclusions of law

1. Plaintiff, The Bell Telephone Company of Pennsylvania, is a judgment creditor of the Globe Rubber & Metal Company and holds a writ of fieri facias returned marked "nulla bona" by the sheriff.

2. Defendant, Fannie Schwab, is now and was from October 6, 1936, to November 5, 1936, inclusive, the sole shareholder of the Globe Rubber & Metal Company possessing the power to elect and remove its directors.

3. The Globe Rubber & Metal Company was before October 6, 1936, indebted to defendant in the sum of $22,527.35 and is now indebted to her in the sum of $8,673.31.

4. The transfer to defendant by Edward S. Roberts, Abraham Roberts, and David Roberts, directors of the Globe Rubber & Metal Company, of their shares in the insolvent corporation made on October 6, 1936, the election of new directors on the same date, the appointment of Joseph Schwab, defendant's husband, as general manager of the corporation, and the payments to defendant by him on behalf of the corporation in the amount of $13,854.04 constitute together a voidable preference to defendant in fraud of plaintiff and other creditors.

5. The payments in the amount of $13,854.04 made to defendant by the Globe Rubber & Metal Company constitute a voidable preference because made to the sole

shareholder of the insolvent corporation in fraud of plaintiff and other creditors.

6. An account by defendant of the sums received by her from the Globe Rubber & Metal Company since October 6, 1936, and a refund of the same to a receiver should be ordered.